J-S40021-22 & J-S40022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA JOHN SPAAR | |
| Appellant | No. 94 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 20, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0005053-2019

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA JOHN SPAAR | |
| Appellant | No. 95 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 20, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002029-2019

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 3, 2023**

In these appeals, which we consolidate under Pa.R.A.P. 513, Appellant,

Joshua John Spaar, argues that the evidence was insufficient to sustain his

conviction in each case for criminal use of a communication facility under 18

Pa.C.S.A. § 7512. We hold that the evidence was sufficient in each case to sustain Appellant's convictions, and therefore, affirm.

Appellant's first case, CP-39-CR-0005053-2019, arises from a confidential informant's ("CI") controlled purchase of methamphetamine from Appellant on March 28, 2019. The second case, CP-39-CR-0002029-2019, arises from the same CI's controlled purchase of methamphetamine from Appellant on April 17, 2019.

The evidence in both cases is virtually identical. Detective Hauser, a detective on the Lehigh County Drug Task Force, testified that he arranged with the CI to purchase methamphetamine from the Appellant on two separate occasions, March 28, 2019 and April 17, 2019. The CI testified he had known Appellant prior to participating in the drug investigation. The CI initially met Appellant through his landlord, both by performing maintenance tasks for the landlord and thereafter through social interactions. The CI used the same number for Appellant's cell phone to coordinate drug transactions that he used to communicate with Appellant prior to the drug investigation.

Each call that the CI made to arrange drug transactions was audio- and video-recorded and entered into evidence at trial. Prior to each drug transaction, the CI met with Detective Hauser at a predetermined location. The CI was then searched, given pre-recorded "buy" money and had his vehicle outfitted with an electronic recording device. In the detective's presence, the CI contacted Appellant, and through text messages, the CI and Appellant agreed to both a quantity and price for the drug transaction. The

detective observed the text messages on the CI's cell phone during each conversation. After coordinating each transaction, the CI traveled to an agreed meeting location and exchanged the buy money for the methamphetamine. During the March 28, 2019 videotaped transaction that was entered into evidence, Appellant approached the CI's vehicle with his head down gazing into a cell phone that he was holding and manipulating. Appellant entered the vehicle and stated, "I touched my phone and fucked something up again."

Appellant was subsequently arrested and charged in two separate criminal complaints with possession with intent to deliver methamphetamine (graded as a felony), criminal use of a communication facility, and related offenses. Following a jury trial, Appellant was found guilty of all charges. On August 20, 2021, the court sentenced Appellant to an aggregate term of six to seventeen years' imprisonment. On August 30, 2021, Appellant filed timely post-sentence motions. On December 22, 2021, the court denied these motions. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In both appeals, Appellant raises precisely the same issue:

Whether the evidence was sufficient to sustain [Appellant's] conviction for criminal use of a communication facility when the Commonwealth failed to establish that [Appellant] ever used or possessed the communication device during the actual commission of the felony offense?

Appellant's Briefs at 7.

Whether the evidence was sufficient to sustain the charge presents a question of law. *Commonwealth v. Toritto*, 67 A.3d 29 (Pa. Super. 2013) (*en banc*). Our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Walls*, 144 A.3d 926 (Pa. Super. 2016). In conducting our inquiry, we examine:

> whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 436 (Pa. Super. 2021). Evidence may be entirely circumstantial so long as it links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant argues that the evidence was insufficient to sustain his conviction for criminal use of a communication facility under 18 Pa.C.S.A. § 7512.[1] We disagree.

---

[1] Appellant does not challenge the sufficiency of the evidence underlying any of his other convictions.

The Crimes Code defines this offense as "us[ing] a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under ... the Controlled Substance, Drug, Device and Cosmetic Act." 18 Pa.C.S.A. § 7512(a). A communication facility is "a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photooptical systems or the mail." 18 Pa.C.S.A. § 7512(c).

To support a conviction for criminal use of a communication facility, "the Commonwealth must prove beyond a reasonable doubt that: (1) [defendant] knowingly and intentionally used a communication facility; (2) [defendant] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred." *Commonwealth v. Moss*, 852 A.2d 374, 382 (Pa. Super. 2004). "Facilitation" is "any use of a communication facility that makes easier the commission of the underlying felony." *Id.*

Appellant's argument is the same in both of these appeals:

The question is whether the evidence and testimony sufficiently proved that it was [Appellant] who used his phone to text with the [CI]. The testimony at trial is filled with information regarding the officers setting up the [CI] for the purchases, the requirements to show the [CI] was not possessing any drugs or improper materials on him prior to meeting the dealer, and the surveillance of the actual exchanges on both occasions. The texting messages were done solely by the [CI] and there was no voice or video communication between the parties during either of the drug deals. There was brief testimony that [Appellant] did show up

- 5 -

with the phone in his possession and at one point commented that his phone was messed up[,] but that phone was never placed into evidence nor was his call log or texting logs ever placed in the evidence to show its use in the arrangement of the drug deals. Further, the [CI] during his testimony never fleshed out or made clear the connection he may have with [Appellant] or gave such testimony that sufficiently linked [Appellant] and his phone to the communications used to set up the drug deals.

Appellant's Briefs at 13-14.

Appellant overlooks important evidence that supports his convictions under Section 7512. The evidence shows that the CI arranged the drug transactions by communicating with the same cell phone number that the CI previously used to communicate socially with Appellant prior to the CI's involvement with the Commonwealth's drug investigation. During each drug transaction, Detective Hauser observed text messages exchanged between the CI's cell phone and Appellant's cell phone. When the CI and Appellant met on March 28, 2019, Appellant was in physical possession of a cell phone. Appellant admitted during this meeting, "I touched my phone and fucked something up again." During both meetings, Appellant gave the CI a packet of methamphetamine in return for U.S. currency.

Viewed in the light most favorable to the Commonwealth, this evidence is sufficient to prove each element of Section 7512 in both cases. In each case, the evidence demonstrates that Appellant used a communication facility, a cell phone, to arrange each drug transaction with the CI. During each transaction, the cell phone facilitated a felony, possession of a controlled substance with intent to deliver, by making the commission of this felony

easier.  **Moss,** 852 A.2d at 382.  Finally, the underlying felony, possession with intent to deliver, took place in each case, a fact confirmed not only by the evidence but by the jury's verdict.

For these reasons, Appellant's challenge to the sufficiency of the evidence is devoid of merit.  We affirm his judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2023